UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HILL,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN,<br><br>        Defendant. | No. 2:25–cv–1891 AC<br><br><br>ORDER |

    Plaintiff, a former inmate, has filed a civil rights action under 42 U.S.C. § 1983. See ECF No. 1. Before the court is plaintiff's motion for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, which authorizes the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees. See ECF No. 2.

    Plaintiff's motion makes an insufficient showing to proceed IFP. As the Ninth Circuit has recognized, "one need not be absolutely destitute to obtain benefits" under the IFP statute, however "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citations omitted).

    Here, the IFP application contains several omissions. Plaintiff does not respond to any of the "Yes" or "No" questions under the heading "3. Other Income." ECF No. 2 at 1. After leaving these questions blank, he writes "SSI 10.86" in response to the statement "If you answered 'Yes' to any question above, describe below or on separate pages each source of money and state the

amount that you receive and what you expect to receive in the future." Id. It is unclear whether this is meant to indicate a monthly amount of Supplemental Security Income, and if so whether that amount is $10.86 or $1,086. Plaintiff provides no other information that would be helpful in completing an IFP analysis. Plaintiff writes "None" in response to questions four through eight, which ask about any amount of money plaintiff has in cash or in a checking or savings account, assets, expenses, dependents that rely on him for support, and any debts or financial obligations. Id. at 2.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff shall file a complete application to proceed IFP to address the deficiencies set forth herein within twenty (21) days of the date of this order.

2. Alternatively, Plaintiff may pay the filing fee.

3. If Plaintiff does not supplement the application or pay the filing fee within twenty-one (21) days, the undersigned will issue findings and recommendations that plaintiff's IFP motion be denied.

DATED: July 11, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2